Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN THARP, an individual, and DOMINIQUE THARP, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, a limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: '15CV1448 L   JMA <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. This is an action for damages brought by individual consumers against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

//
//

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff DARREN THARP is a natural person residing in the state of California, County of San Diego.

4. Plaintiff DOMINIQUE THARP is a natural person residing in the state of California, County of San Diego.

5. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") at all times relevant was a limited liability company in the business of collecting debts in San Diego County, California operating from an address at 120 Corporate Boulevard, Norfolk, Virginia 23502.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) and by the Rosenthal Act, California Civil Code 1788.2(c).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe, and allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs. Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted

in all subsequent proceedings, and that this action may proceed against them under their true names.

8. Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

10. Plaintiffs are "debtors" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

11. The purported debt which Defendants attempted to collect from Plaintiffs was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

13. At a time unknown, Defendant Portfolio Recovery Associates, LLC acquired information regarding an alleged debt (the "DEBT") that Plaintiffs had incurred.

14. Plaintiffs' attorney provided notice that Plaintiffs were represented by counsel.

15. Despite having knowledge that Plaintiffs were represented by counsel, Defendant called Plaintiffs in an attempt to collect the DEBT.

16. Over the course of approximately two months, Defendants called Plaintiffs on several occasions in an attempt to collect the DEBT.

17. Defendant implicitly threatened to file suit against Plaintiffs for the alleged DEBT and stated that the account had been forwarded to a collection attorney.

18. Plaintiffs had not made a payment on the Debt within the four years prior to the threat to file suit.

19. Any lawsuit filed to collect the DEBT would have been time-barred.

20. Defendant contacted Plaintiffs directly after Defendant knew that Plaintiffs were represented by an attorney.

21. As a result of the acts alleged above, Plaintiffs suffered emotional distress.

## V.  FIRST CAUSE OF ACTION

### (Against all Defendants for Violation of the FDCPA)

22. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

23. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

 (a) The Defendants violated 15 U.S.C. § 1692b(6) by communicating with a person other than the Plaintiffs' attorney after the debt collector knew the Plaintiffs were represented by an attorney;

 (b) The Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiffs after the Defendant knew that the Plaintiffs were represented by an attorney;

 (c) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

 (d) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount, or legal status of the alleged debt;

 (e) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

 (f) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

 (g) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

 (h) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the

debt or permitted by law.

24. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CAUSE OF ACTION

(**Against all Defendants for Violation of the Rosenthal Act**)

25. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

26. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.14(c) by communicating with the Plaintiffs after the Plaintiffs' attorney notified the Defendants that the Plaintiffs were represented by an attorney; and

    (b) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

27. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

28. As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof.

29. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

//
//
//
//
//

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

(d) Punitive damages; and

(e) For such other and further relief as the Court may deem just and proper.

Date: July 1, 2015

_____s/ Jeremy S. Golden _____
Jeremy S. Golden,
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: July 1, 2015

_____s/ Jeremy S. Golden _____
Jeremy S. Golden,
Attorney for Plaintiff